IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37819

| | | |
|---|---|---|
| **DANA LYDELL SMITH,** | ) | **2011 Unpublished Opinion No. 699** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 14, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order dismissing application for post-conviction relief, <u>affirmed</u>

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Chief Judge

Dana Lydell Smith appeals from the district court's summary dismissal of his application for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Smith was convicted of grand theft for breaking into a car dealership and stealing two cars. He appealed and in an unpublished decision, this Court affirmed his conviction. *State v. Smith*, Docket Nos. 35216/35604 (Ct. App. May 20, 2009) (unpublished). After his direct appeal, Smith filed an application for post-conviction relief, asserting several claims of ineffective assistance of counsel. The State filed a motion for summary dismissal, which the district court granted. Smith appeals.

1

## II.

## ANALYSIS

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate,

2

however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

"When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

Smith raises several issues in his application for post-conviction relief, all based upon assertions of ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho

3

758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Smith claims that he presented enough evidence to create a genuine issue of material fact as to whether he received ineffective assistance of counsel because his attorney: (1) failed to file a motion to suppress two witness identifications; (2) failed to secure an expert witness to provide expert opinion regarding his mental impairment; (3) failed to file a motion to suppress Smith's statements to Utah law enforcement officials; and (4) failed to file a motion for a mistrial. He further claims that a genuine issue of material fact exists as to whether he received ineffective assistance of counsel because his attorney had a conflict of interest. Therefore, Smith argues the district court erred when it summarily dismissed Smith's application.

## A. Ineffective Assistance of Counsel--Failure to File Motion to Suppress Witness Identifications

Smith contends that he presented evidence sufficient to raise a genuine issue of material fact as to whether he received ineffective assistance of counsel when his attorney failed to file a pretrial motion to suppress witness identifications presented at trial. The State argues that he failed to present any admissible evidence supporting his claim. Smith's argument fails because he failed to provide evidence of deficient performance or prejudice to support his position beyond bare and conclusory allegations.

Neither the trial transcript nor Smith's petition bears out any facts that show deficient performance on defense counsel's part regarding the witness identifications. While Smith's application contains conclusory statements that the police procedures used to identify him were "suggestive," nothing in the record supports his assertion. Furthermore, Smith fails to address why a pretrial motion to suppress would have been any more effective than the objection counsel offered at trial, except to say that "had Mr. Smith's attorney filed the motion prior to trial, he could have been successful on precluding the in-court identification." Smith's application and the trial transcript contain no other evidence to support such an allegation.

4

Even if Smith had provided facts showing a pretrial motion to suppress would have been successful, it does not necessarily follow that counsel's actions were the product of "inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation." *Howard*, 126 Idaho at 233, 880 P.2d at 263. Counsel objected at trial to the introduction of the photographic lineups and related testimony prior to their admittance. One of the objections succeeded, causing the withdrawal of one of the photographic lineup exhibits. Not only were the objections timely made, but counsel also cited case law in support of his objections. These acts do not indicate ignorance of the law or inadequate preparation. As a result, the attorney's performance in this case fell well within "the wide range of professional assistance" that satisfies due process. *Payne*, 146 Idaho at 561, 199 P.3d at 136.

Smith points to no facts contained in his application or the trial record that show either deficient performance by his attorney or that the final outcome would have been different had counsel moved to suppress the witness identifications pretrial. There is no evidence to move his petition's claims beyond "bare and conclusory allegations." *Roman,* 125 Idaho at 647, 873 P.2d at 901. Therefore, the district court properly granted dismissal of this claim.

## B. Ineffective Assistance of Counsel--Failure to Secure Expert Opinion

Smith argues that he presented enough evidence to create a genuine issue of material fact as to whether his attorney failed to adequately prepare for trial when counsel failed to secure the appearance of an expert witness to provide expert opinion regarding Smith's alleged mental impairment. He asserts not only that this failure shows deficient performance, but that had the attorney properly called expert witnesses at trial, there is a reasonable probability the result of the proceeding would have been different. The State counters once again that Smith failed to present any admissible evidence to support his claim. Smith's argument fails because he provides no evidence of deficient performance or prejudice to support his position beyond bare and conclusory allegations.

The appellate court presumes that trial counsel was competent and that trial tactics were based on sound legal strategy. *McKay v. State,* 148 Idaho 567, 570, 225 P.3d 700, 704 (2010). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard*, 126 Idaho at 233, 880 P.2d at 263. Furthermore, "counsel's choice of witnesses, manner of cross-

5

examination, and lack of objection to testimony fall within the area of tactical, or strategic, decisions." *Giles v. State,* 125 Idaho 921, 924, 877 P.2d 365, 368 (Ct. App. 1994).

Nothing in Smith's brief or application on this issue is supported by admissible evidence sufficient to move his assertions beyond bare allegations of deficient performance. Nowhere does Smith point to evidence in the record to show that defense counsel simply failed to properly prepare for trial as he claims. A review of Smith's application reveals only a general allegation that the chemically-induced, altered mental state "angle" was "never pursued due to the fact that counsel never investigated any other avenue of this case." This statement alone is not enough to create a genuine issue of material fact as to whether Smith's counsel's performance was deficient.

Furthermore, the trial record does not indicate that the lack of expert testimony was due to a failure to adequately prepare. Counsel argued at closing arguments that Smith exhibited bizarre behavior and that he did not have the requisite intent to be found guilty of grand theft. Smith, in his brief, claims that an expert "could have contributed expert opinion on the impacts of the [mental] condition." He also claims that without expert testimony the jury had no evidence to help it understand how the altered mental state influenced his ability to formulate intent. Smith does not, however, provide any evidence of what such an expert would *actually* opine as opposed to what an expert *might* have said.

Even if we assume, *arguendo*, that there was deficient performance, Smith does not allege facts sufficient to create a genuine issue of material fact as to whether his case was prejudiced. With the exception of the two general statements quoted above, Smith's application and brief lack any reference to what the expert testimony would have done to change the outcome. While arguably expert opinion may have aided the jury's comprehension of Smith's mental state, "[t]he constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better." *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). The record is devoid of evidence sufficient to create a genuine issue of fact that there is a reasonable probability the trial outcome would be different with expert testimony.

Smith has failed to present evidence of deficient performance on the part of his attorney or prejudice to his case. No facts in the record show that counsel's decision was a result of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective

evaluation. Nor does he present any evidence beyond bare allegations that the outcome of trial would have been different with the addition of expert testimony. Therefore, the district court properly granted dismissal of this claim.

**C.  Ineffective Assistance of Counsel--Failure to File Motion to Suppress Smith's Statements to Law Enforcement**

Smith next asserts that he presented sufficient evidence to create a genuine issue of material fact as to whether he received ineffective assistance of counsel in connection with his statements to Utah law enforcement. He contends that his attorney provided deficient performance by failing to move to suppress those statements. He further contends that there is a genuine issue of material fact as to whether he made the statements knowingly and voluntarily in accordance with *Miranda*[1] while suffering from a mental impairment. The State argues Smith fails to show that he presented admissible evidence that his statements should have been suppressed.

Smith's argument that he received ineffective assistance of counsel when his attorney did not move to suppress his statements to law enforcement is unsupported by any evidence beyond bare, conclusory allegations. Similarly, his argument that his mental condition was such that he did not knowingly and voluntarily waive his rights is unsupported by any admissible evidence. In his brief, Smith cites only to unsworn and conclusory statements in a memorandum in support of his contention. The statements contained in the memorandum are not admissible evidence of what mental condition Smith had or why it would have rendered him incapable of waiving his *Miranda* rights. *See Dunlap,* 126 Idaho at 909, 894 P.2d at 142 (accepting verified allegations of fact as true). In reviewing a summary dismissal, "we do not give evidentiary value to mere conclusory allegations unsupported by admissible evidence." *Remington v. State,* 127 Idaho 443, 446, 901 P.2d 1344, 1347 (Ct. App. 1995). Furthermore, Smith fails to even argue he was prejudiced by his attorney's alleged deficient performance. Without prejudice, a claim of ineffective assistance of counsel must fail. *See Strickland,* 466 U.S. at 693. Smith's allegation of ineffective assistance of counsel in this instance is conclusory and unsupported by admissible evidence. Therefore, the district court properly granted dismissal of this claim.

---

[1]  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

**D.      Ineffective Assistance of Counsel--Failure to File Motion for Mistrial**

Smith claims that he presented sufficient evidence to raise a genuine issue of material fact as to whether he received ineffective assistance of counsel when his attorney failed to file a motion for mistrial. He further claims there is a genuine issue of material fact as to whether the jury heard the district court's ruling on his motion for a directed verdict. The State contends that Smith has failed to present admissible evidence that the jury overheard the district court's ruling, and therefore the district court properly granted dismissal of this claim.

Smith asserts that the trial court expressed a strong opinion of his guilt when ruling on his motion for a directed verdict. Furthermore, in his application, he alleges the trial court spoke so loudly when ruling on the motion that the jury could hear the ruling while sequestered. To support this assertion, Smith alleges that the room where the jury was sequestered adjoins the courtroom and that the room itself was not soundproof. He further alleges that "during the trial [he and defense counsel] heard the jury numerous times" while the jury was sequestered. However, Smith's allegations are bare and unsupported. No affidavits are present to substantiate Smith's allegations, and the trial record does not disclose any facts to support his assertion that the jury heard, or could have heard, the ruling. While the allegations contained in Smith's application are deemed to be true when uncontroverted by the State, the appellate court need not accept the applicant's conclusory allegations that are unsubstantiated by any admissible evidence. *Roman,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Smith's allegations in this instance are conclusory and unsupported by admissible evidence.

Smith asserts in the alternative that the district court's alleged error constituted a violation of due process that deprived him of a fair trial. In essence, Smith contends that he is entitled to assert a direct constitutional violation claim in this post-conviction case because he could not have adequately raised the claim on direct appeal. Regardless of whether Smith can properly assert this claim in this case, no due process violation has been shown. There is no evidence in the appellate record as to whether the jury actually heard the district court's ruling, except the conclusory allegation in Smith's application. The district court properly granted dismissal of this claim.

**E. Conflict of Interest**

Smith makes three claims involving an alleged conflict of interest in his application for post-conviction relief. First, Smith asserts that his attorney operated under a conflict of interest that adversely affected his attorney's performance. Second, Smith asserts that the district court erred when it failed to conduct an inquiry into the potential conflict of interest. Third, he claims that the district court failed to inquire into whether it should appoint substitute counsel due to the attorney's conflict. Smith's arguments fail because, as the State contends, he has not alleged sufficient facts or provided any admissible evidence to support his position.

**1. Attorney operated under conflict of interest**

As an initial matter, Smith argues that the lower standard for attorney conflicts of interest used in *United States v. Cuyler,* 446 U.S. 335, 349-50 (1980), applies in this instance. *Cuyler* provides that a defendant need not show prejudice to his case, as required by *Strickland,* if he can prove "a conflict of interest actually affected the adequacy of his representation." *Id.* In *Sparks v. State*, 140 Idaho 292, 297, 92 P.3d 542, 547 (Ct. App. 2004), this Court held that the lower *Cuyler* standard applies only in situations of multiple representation, where counsel actively represents more than one defendant in the same case. Therefore, we apply the *Strickland* test for representation conflicts of interest, and only apply *Cuyler* in those cases that involve multiple representation.

In this case, neither Smith's petition nor the trial record discloses any facts showing even a potential conflict of interest, much less whether it involved serial or multiple representation. The petition contains a conclusory statement that "on numerous occasions [the] defendant advised the court that he wanted new counsel." The petition later states that "there [were] prior complaints as to the way to investigate and the course of the trial. . . ." Neither allegation rises to the level of an "irrevocable breakdown of communication" that would create a conflicted attorney. *See State v. Lippert*, 145 Idaho 586, 597, 181 P.3d 512, 523 (Ct. App. 2007). The statements do not show deficient performance or prejudice as required by *Strickland.* Nor do the statements show Smith's attorney actively represented conflicting interests as required by *Cuyler.* *See Cuyler*, 446 U.S. at 348. Smith has failed to present any admissible evidence showing his attorney actually had a conflict of interest, or even the possibility that one existed. Since he has failed to present sufficient evidence to create a genuine issue of material fact as to whether a conflict of interest existed, the district court properly granted dismissal of this claim.

9

### 2. District court errors

Smith also asserts that he set forth a claim that the trial court erred by not conducting an adequate inquiry into his claimed conflict of interest and whether to appoint substitute counsel. His allegations are insufficient, however, and he presents no admissible evidence to support such a claim.

"Whenever a trial court knows or reasonably should know that a particular conflict may exist, the trial court has a duty of inquiry" to ensure that criminal defendants are not deprived of the effective assistance of counsel. *State v. Lovelace,* 140 Idaho 53, 60, 90 P.3d 278, 285 (2003). "A trial court's failure to conduct an inquiry, under certain circumstances, will serve as a basis for reversing a defendant's conviction." *State v. Severson,* 147 Idaho 694, 703, 215 P.3d 414, 423 (2009); *see also Holloway v. Arkansas,* 435 U.S. 475, 488 (1978). "Whether a trial court's failure to adequately inquire into a potential conflict of interest is enough, on its own, to justify reversal depends on whether the defendant objected to the conflict at trial." *Severson,* 147 Idaho at 703, 215 P.3d at 423. "When a trial court fails to make a proper inquiry, but the defendant did not object to the conflict at trial, the defendant's conviction will only be reversed if he or she can prove that an actual conflict of interest adversely affected his lawyer's performance." *Id.*; *see also Cuyler*, 446 U.S. at 348.

As discussed above, Smith's application contains no facts that support his assertion that his attorney had a conflict of interest, actual or potential. Without so much as a potential conflict of interest, the district court's duty of inquiry was never triggered. Since Smith failed to produce admissible evidence to support his allegation, the district court properly granted dismissal of this claim.

### III.
### CONCLUSION

Smith failed to support his claims of ineffective assistance of counsel with any admissible evidence beyond bare and conclusory allegations and, therefore, the district court's order dismissing Smith's application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**