92 P.3d 542

**Patrick D. SPARKS, Petitioner–
Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 29244.**

Court of Appeals of Idaho.

Jan. 29, 2004.

Review Denied June 21, 2004.

---

Nevin, Benjamin McKay, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent. Ralph Reed Blount argued.

PERRY, Judge.

Patrick D. Sparks appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

In 1999, Sparks was charged with robbery, I.C. § 18–6501, with a sentence enhancement for use of a firearm during the commission of a crime, I.C. § 19–2520. During Sparks's trial, a witness testified that she observed the robbery from outside the convenience store and identified Sparks as the man she saw wearing a nylon stocking on his head. After defense counsel cross-examined the witness, he realized that he had represented her in a case nine years earlier, during which she was acquitted. Defense counsel moved the district court to permit him to withdraw as Sparks's counsel based on a conflict of interest. The conflict arose, counsel alleged, because he knew information about the witness that could be used to impeach her testimony but the Idaho Rules of Professional Responsibility prohibited him from using the information. The district court denied defense counsel's motion to withdraw.

Following the state's case in chief, the district court ordered defense counsel to disclose the nature of the confidential information in writing. After reviewing the written submission, the district court explained that the information would not have been admissible based on its remoteness in time and because its probative value would have been minor. The district court then sealed the

written submission and marked it as part of the court's record.

A jury found Sparks guilty. The district court sentenced Sparks to a unified term of twenty-five years, with a minimum period of confinement of fifteen years. Sparks moved the district court to reconsider his sentence pursuant to Idaho Criminal Rule 35. The district court denied his motion.

Sparks appealed his judgment of conviction, sentence, and the denial of his Rule 35 motion. This Court affirmed the dispositions in an unpublished opinion. *See State v. Sparks,* Docket No. 26211, 137 Idaho 212, 46 P.3d 29 (Ct.App. Dec.5, 2001).

In March 2002, Sparks filed an application for post-conviction relief and, after the district court appointed counsel, filed an amended application. In response, the state moved to dismiss. The parties agreed to submit the motion on the record and transcript of the trial. The district court granted the state's motion, finding no genuine issue of material fact and that the majority of Sparks's allegations were or should have been raised on direct appeal.

Sparks appeals, arguing that the district court erred in summarily dismissing his application for post-conviction relief. Sparks asserts that he was deprived of his Sixth Amendment right to the effective assistance of counsel because his counsel operated under an actual conflict of interest that affected his counsel's performance. Additionally, Sparks alleges ineffective assistance of counsel based on his counsel's failure to "investigate, locate and interview" witnesses and to perform fingerprint tests on the robbery weapon.

## II.

## ANALYSIS

■ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990).

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986). On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

■ In his application for post-conviction relief, Sparks argued that he was denied his Sixth Amendment right to effective assistance of counsel because his counsel labored under an actual conflict of interest and failed to "investigate, locate and interview" witnesses. With regard to Sparks's allegations, the district court found that, because Sparks

failed to raise these issues on direct appeal, he waived them. We disagree. Ordinarily, we do not address claims of ineffective assistance of counsel on direct appeal because the record on direct appeal is rarely adequate for review of such claims. *State v. Hayes,* 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct.App. 2003). Such claims are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed. *State v. Mitchell,* 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct.App.1993).

The majority of Sparks's allegations in his application for post-conviction relief stem from his counsel's performance during his underlying criminal trial. Although the transcript from the trial was available for review on direct appeal, either Sparks or the state could have further developed the record with trial counsel's testimony or other evidence. Additionally, Sparks alleged that his appellate counsel was ineffective because he "refused to place certain issues into the appeal." Since the record from the criminal trial did not include the issues raised on appeal, it was also insufficiently developed to rule on the issue. Therefore, under the facts of this case, Sparks appropriately raised his ineffective assistance allegations in an application for post-conviction relief. Because we conclude that Sparks did not waive his ineffective assistance allegations, we will address them below.

In the present appeal, Sparks asserts that the district court erred in dismissing his application for post-conviction relief on the allegation that he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel labored under an actual conflict of interest based on his representation of a former client. The right to conflict-free representation derives from the Sixth Amendment as applied to the states by the Due Process Clause of the Fourteenth Amendment. *Powell v. Alabama,* 287 U.S. 45, 66–68, 53 S.Ct. 55, 63–64, 77 L.Ed. 158, 169–170 (1932). This right has been accorded not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. *Mickens v. Taylor,* 535 U.S. 162, 166, 122 S.Ct. 1237, 1240, 152 L.Ed.2d 291, 300 (2002). It follows

from this that assistance, which is ineffective in preserving fairness, does not meet the constitutional mandate. *See Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984).

Ordinarily, to prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App. 1995); *Russell,* 118 Idaho at 67, 794 P.2d at 656; *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). However, the second prong, demonstrating prejudice, is presumed in certain conflict of interest cases. *See Cuyler v. Sullivan,* 446 U.S. 335, 349–50, 100 S.Ct. 1708, 1718–1719, 64 L.Ed.2d 333, 347–348 (1980).

In *Cuyler,* three individuals were indicted for first degree murder and were represented by the same attorneys. Sullivan was the first defendant to go to trial. At his trial, his counsel rested without presenting any evidence. A jury found him guilty, and his codefendants were acquitted at separate trials. Sullivan sought habeas corpus relief alleging that he had been denied effective assistance of counsel because his lawyers represented conflicting interests. One of Sullivan's attorneys testified that he did not want the defense to present any evidence at Sullivan's trial because it might expose the defense witnesses for the codefendants' trials. After reviewing Sullivan's ineffective assistance claim, the United States Supreme Court concluded that because of the multiple representation conflict of interest, Sullivan did not need to show prejudice but rather, to establish a violation of his right to effective assistance of counsel, he need only demonstrate that a conflict of interest actually affected the adequacy of his lawyer's performance. *Cuyler,* 446 U.S. at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348.

In *Mickens,* the Supreme Court discussed the applicability of the *Cuyler* standard to conflict of interest cases originating not from multiple representation, but from obligations

to former clients. The Court recognized that various jurisdictions applied *Cuyler* to all kinds of alleged attorney ethical conflicts, including cases in which there is a conflict rooted in counsel's obligations to former clients. *See id.* at 174, 122 S.Ct. at 1245, 152 L.Ed.2d at 305. After acknowledging this application, the *Mickens* Court explained that the language of *Cuyler* did not clearly establish or even support such an expansive application. "Not all attorney conflicts present comparable difficulties," and the "Federal Rules of Criminal Procedure treat concurrent representation and prior representation differently." *Mickens*, 535 U.S. at 175, 122 S.Ct. at 1245, 152 L.Ed.2d at 306. The *Mickens* Court concluded the discussion by explaining that whether *Cuyler* "should be extended to such cases remains, as far as the jurisprudence of this Court is concerned, an open question." *Id.* at 176, 122 S.Ct. at 1246, 152 L.Ed.2d at 307.

Since the *Mickens* decision, the Idaho appellate courts have not applied the *Cuyler* standard to conflict of interest cases based on an attorney's obligation to a former client. Thus, we must determine whether to apply the *Cuyler* standard to such cases or, instead, to apply the *Strickland* standard requiring a showing of deficient performance and prejudice.

In *Cuyler*, Sullivan's attorneys refused to present any evidence to rebut the state's witnesses because they did not want to interfere with the defense of the codefendants that the attorneys also represented. The ineffective assistance issue in *Cuyler* involved multiple representation in which the charges against the codefendants stemmed from the same set of facts and the same criminal activity. In *Mickens*, the United States Supreme Court described the expansive application by various courts of the *Cuyler* standard to cases other than those involving multiple representation. The *Mickens* Court explained that such an expansive application was not necessarily supported by the case law. The *Mickens* Court emphasized its decision in *Cuyler* that active representation and an adverse interest must be shown. Until a defendant "shows that his counsel *actively represented* conflicting interests, he has not established the constitutional

predicate for his claim of ineffective assistance." *Mickens*, 535 U.S. at 175, 122 S.Ct. at 1245, 152 L.Ed.2d at 306, *quoting Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348. The *Cuyler* decision "stressed the high probability of prejudice arising from multiple concurrent representation, and the difficulty of proving that prejudice." *Mickens*, 535 U.S. at 175, 122 S.Ct. at 1245, 152 L.Ed.2d at 306. Additionally, the Court in *Mickens* described the different manner in which the Federal Rules of Criminal Procedure treat multiple representation as compared to serial representation. The Federal Rules require a court to "inquire into the likelihood of conflict whenever jointly charged defendants are represented by a single attorney ... but not when counsel previously represented another defendant in a substantially related matter, even where the trial court is aware of the prior representation." *Id.*

The issue in Sparks's appeal involves a conflict of interest based not on multiple representation but on an attorney's perceived obligation to a client he represented nine years earlier on an unrelated matter. After a review of the applicable case law and the rationale discussed in *Mickens*, we conclude that the *Cuyler* standard, which absolves the petitioner of the requirement of showing prejudice, is not applicable to cases that involve serial representation. Thus, we will address Sparks's ineffective assistance allegations under the *Strickland* standard.

To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App. 1995); *Russell*, 118 Idaho at 67, 794 P.2d at 656; *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). Under *Strickland*, to establish a deficiency in an attorney's performance, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell*, 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of

the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Russell*, 118 Idaho at 67, 794 P.2d at 656.

To the extent that the circumstance presented here establishes a conflict, it establishes one of a serial representation and not multiple representation. Applying the standard set forth in *Strickland*, we conclude that Sparks has failed to demonstrate the second prong—that the outcome of his trial would have been different had his attorney not acted under this alleged conflict of interest. During the trial, Sparks's counsel argued that he could use the information he knew about the witness to impeach her testimony, especially relating to her credibility as a witness and the quality of her memory. However, testimony from other witnesses contradicted what she testified to at trial. The weight and value of her testimony was minimal. Additionally, there was overwhelming evidence of Sparks's guilt presented to the jury including the convenience store's surveillance video and Sparks's confession to the robbery during an interview with police. Therefore, Sparks failed to demonstrate that the conflict of interest adversely affected the outcome of Sparks's trial.

 Sparks also asserts on appeal that the district court erred in summarily dismissing his claims that trial counsel failed to "investigate, locate and interview" witnesses, including those who could not identify him as the robber, and his landlord, who would have testified that Sparks was not in arrears on his rent. Also, in his application for post-conviction relief, Sparks argued that his counsel was ineffective for failing to conduct fingerprint tests on the robbery weapon and that his appellate counsel was ineffective for refusing to "place certain issues into the appeal." To prevail on these ineffective assistance of counsel claims, the same standards of law apply.

 In response to Sparks's allegations, the state argues that there is no merit to Sparks's allegation that his trial counsel failed to "investigate, locate and interview" witnesses because Sparks did not identify any witnesses who were not called to testify at trial and did not provide examples of his counsel's deficiency during cross-examination of the state's witnesses. As to the allegation that Sparks's counsel failed to interview Sparks's landlord, the state contends that Sparks did not present any evidence that would indicate what his landlord would have said that would have resulted in a reasonable probability of a different outcome of the trial. With regard to the allegation of ineffective assistance of counsel based on the failure to test the robbery weapon, again the state argues that Sparks has not demonstrated how fingerprinting the weapon would have resulted in a reasonable probability of a different outcome considering the owner of the gun testified that he had handled the gun after Sparks and that his fingerprints may have obscured any of Sparks's fingerprints. We agree with the state's position on all of these allegations. Even if Sparks's trial counsel was deficient with regard to interviewing witnesses and performing tests upon the robbery weapon, Sparks has not demonstrated how these would have changed the outcome of the trial. With respect to Sparks's allegation regarding appellate counsel, Sparks provides no support for this contention. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, Sparks has not shown denial of effective assistance of counsel with regard to these allegations.

## III.

## CONCLUSION

After determining that we apply the *Strickland* standard to conflict of interest cases involving serial representation, we conclude that Sparks has not demonstrated prejudice and, thus, his ineffective assistance allegation in this regard fails. Additionally, Sparks has not demonstrated prejudice with respect to his other ineffective assistance allegations. Therefore, the district court's order summarily dismissing Sparks's application for post-conviction relief is affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.