**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41341**

| | | |
|---|---|---|
| **RAMIRO R. RAMIREZ,** | ) | **2014 Unpublished Opinion No. 401** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: March 3, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order denying motion for appointment of counsel and judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Ramiro R. Ramirez appeals from the judgment summarily dismissing his petition for post-conviction relief. Ramirez asserts that the court erred in denying his motion for appointment of counsel and that one of his claims for relief was improperly dismissed without a hearing. We affirm.

## I.

## BACKGROUND

The facts underlying Ramirez's criminal conviction are set forth in an unpublished opinion, *State v. Ramirez*, Docket No. 35761 (Ct. App. April 21, 2011):

> At approximately 10:30 p.m. on March 4, 2008, an assistant manager at Domino's Pizza in Jerome, Carol Jones, and the lone other employee, Jamie Ceja, went behind the building for a cigarette break while in the process of closing the restaurant for the evening. Jones sat in the driver's seat of her vehicle, parked just

1

outside the back door, and Ceja sat in the backseat. The back door of the restaurant was open and Jones had her windows down.

After a short time, the women heard a car approach, two doors slam, and two men approach the restaurant. The men stopped to pull masks or bandanas over their faces before entering the back door. Jones testified that one of the men was wearing a gray hooded sweatshirt and was carrying a gun and the other was wearing dark clothing. She rolled up her car windows and instructed Ceja to call 911. Jones watched as the men entered the restaurant. The man in the gray sweatshirt went directly to the office. The other man went out of sight, but then ran out the back door toward the vehicle in which he came, without looking at the women. She then stated that the man with the weapon exited the building, stopped at the vehicle and she asked him, "What do you want?" He reached for the door handle, and Jones told him it was locked. The man said something to her, which she could not decipher because it was muffled, and then pointed the rifle at her face. Jones started her vehicle and began backing it up. The man ran toward his vehicle and the perpetrators left, with the women following them for a short distance and Ceja describing the incident to dispatch. The women returned to the store where they discovered that the men had not taken anything, including any of the approximately $1,700 cash that was accessible or in plain sight at the time. Both employees told police the perpetrators were Hispanic, driving a silver Honda, one had a shotgun, and both had either bandanas or gorilla masks over their faces.

At approximately 10:47 p.m., an officer stopped a silver two-door Honda Civic traveling out of Jerome County into Twin Falls County. [Garrett] Digiallonardo was the driver and Ramiro Ramirez was in the passenger seat. After two officers arrived to assist, Digiallonardo and Ramirez were pulled from their vehicle at gunpoint, handcuffed, and placed in patrol cars. Subsequently, the Domino's employees were instructed to drive to the scene, where they viewed the men's vehicle and affirmed that while they had not seen their faces, Digiallonardo and Ramirez were similar in height and build to the men they had seen at Domino's. Jones also identified a gray hooded sweatshirt found in the vehicle as the same as that worn by one of the perpetrators.

Digiallonardo and Ramirez were charged with burglary, Idaho Code § 18-1401, aiding and abetting aggravated assault, I.C. §§ 18-901, 18-905, 18-204, and aiding and abetting attempted robbery enhanced by the use of a firearm, I.C. §§ 18-6501, 18-6502, 18-204, 19-2502. The men were tried in a joint trial, after which the jury acquitted them of the aiding and abetting charges, but found them guilty of burglary.

This Court affirmed the judgment of conviction. *Id.*

Thereafter Ramirez filed a petition for post-conviction relief. He asserted that his appellate counsel was ineffective in failing to raise certain issues in his direct appeal, including alleged district court error in the denial of Ramirez's motion to suppress the victims'

2

"identifications" of himself and his co-defendant because of unduly suggestive identification procedures. Ramirez also filed, along with his petition, a motion for appointment of counsel.

The district court filed a notice of intent to dismiss all of Ramirez's post-conviction claims along with a conditional denial of the motion for appointment of counsel pending the receipt of Ramirez's response to the notice. After receiving Ramirez's response, the district court entered an order denying appointment of counsel and summarily dismissing the petition. Ramirez appeals from the ensuing judgment.

## II.

## STANDARDS OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of the evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010);

*McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court, and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). In determining whether to appoint counsel, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See Charboneau*, 140 Idaho at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

## III.

## ANALYSIS

On appeal, Ramirez argues that the district court erred in failing to appoint counsel because Ramirez's allegations showed the possibility of a valid claim that his appellate attorney in the criminal case performed deficiently by failing to challenge on appeal the district court's

4

denial of Ramirez's suppression motion. That motion was based upon a contention that the witnesses had made an out-of-court identification under such suggestive circumstances that the identifications were unreliable. Ramirez argues that the substantial nature of this ineffective assistance claim required that he be appointed counsel to represent him in this post-conviction action and that this claim was sufficiently supported by evidence to raise a genuine issue of material fact that precluded summary dismissal.

The right of an accused to due process is implicated when an in-court identification is tainted by an out-of-court identification that is so suggestive that there is a very substantial likelihood of misidentification. *State v. Almaraz*, 154 Idaho 584, 595, 301 P.3d 242, 253 (2013); *State v. Sanchez*, 142 Idaho 309, 321, 127 P.3d 212, 224 (Ct. App. 2005). So long as the identification possesses sufficient aspects of reliability, there is not a substantial likelihood of misidentification. To determine the reliability of a suggestive identification, we evaluate the totality of the circumstances through consideration of five factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of his or her prior description of the criminal; (4) the level of certainty demonstrated at the identification; and (5) the length of time between the crime and the identification. *Almaraz*, 154 Idaho at 595, 301 P.3d at 253; *Sanchez*, 142 Idaho at 321, 127 P.3d at 224.

To prevail on his claim, Ramirez would have to show, at a minimum, that a suppression motion was filed and denied in the criminal case and that based upon the evidence presented on the suppression motion there is a reasonable probability that the appellate court would have found prejudicial error in the denial of the motion and therefore would have vacated the conviction. Here, the district court in the post-conviction relief action took judicial notice of the components of the criminal case record relating to the suppression motion and determined that such record disproved Ramirez's post-conviction claim such that he had not shown even the possibility of a valid claim. Consequently, in order to show on this appeal that the district court erred, Ramirez must demonstrate that the record from the criminal case did not disprove his claim and thus, that the post-conviction court erred in concluding that he had not shown even the possibility of a valid claim that would entitle him to appointed counsel.

Ramirez has not shown such error. He has not even presented to this Court an appellate record from which we can review the district court's decision because he has not included in the record the items of which the post-conviction court took judicial notice. These include the

5

transcripts of the suppression hearing and other evidence presented on the suppression motion and the criminal court's memorandum decision explaining its reasons for denying the suppression motion. This Court cannot review the post-conviction court's decision in the absence of the evidence on which the post-conviction court based its ruling. It is the responsibility of an appellant to provide a sufficient record to substantiate his or her claims of error on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

We also note that, to the extent that Ramirez is arguing on appeal that the witnesses' description of the car, clothing, and/or physical characteristics of the burglars constituted an "identification" that should have been suppressed because of a suggestive show-up procedure, he cites absolutely no authority to support this proposition. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996); *Sparks v. State*, 140 Idaho 292, 298, 92 P.3d 542, 548 (Ct. App. 2004).

For these reasons, no district court error has been shown. Therefore, the order denying counsel and the judgment of dismissal are affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**