IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41719

| | | |
|---|---|---|
| ANTHONY ASHLEY, | ) | 2015 Unpublished Opinion No. 350 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 12, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Anthony Ashley, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Anthony Ashley appeals pro se from the judgment of the district court summarily dismissing his petition for post-conviction relief. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

A jury found Ashley guilty of six felony counts of unlawful possession of a firearm, five felony counts of grand theft by possession of stolen property, and one misdemeanor count of petit theft by possession of stolen property. Ashley also acknowledged being a persistent violator. The district court imposed concurrent sentences, and Ashley appealed, arguing that his sentences were excessive. In *State v. Ashley*, Docket No. 38264 (Ct. App. Feb. 1, 2012) (unpublished), this Court affirmed Ashley's judgment of conviction and sentences.

Ashley then filed a pro se petition for post-conviction relief that included an affidavit. In addition, Ashley included copies of court documents, copies of letters from defense counsel, and several unverified pages of handwritten notes. Ashley also moved for the appointment of counsel, which the court granted. The State filed an answer and later filed a motion for summary dismissal. In the memorandum in support of the motion for summary dismissal, the State argued that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Specifically, the State contended that Ashley had not supported the claims in his petition with admissible evidence, that the claims were waived because they could have been raised on direct appeal, and that Ashley failed to state a prima facie case on certain claims. Through counsel, Ashley responded to the State's motion to dismiss and supplied another affidavit.

After a summary dismissal hearing, and after taking judicial notice of certain documents, the district court granted the State's motion for summary dismissal. The district court dismissed one claim (an excessive sentence claim) because res judicata applied to the claim; one ineffective assistance of counsel claim, alleging that both defense and appellate counsel were ineffective, on the basis that it was not supported by admissible evidence and did not raise a prima facie case of ineffective assistance of counsel; and the other claims on the basis that they could have been raised on direct appeal. Ashley appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting

2

evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Because this appeal involves an ineffective assistance of counsel claim, we note that a claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

### III.

### ANALYSIS

Ashley's appellate brief lists as an issue whether the district court erred when it summarily dismissed his petition for post-conviction relief. Ashley's brief also lists, but does not discuss, the claims originally raised in the post-conviction petition or affidavit accompanying the petition. The argument supplied in the appellate brief, although under the heading "The District Court Erred when it Summarily Dismissed my Post Conviction Petition," analogizes this judicial system to the Nazi system of justice. Ashley continues by making bare assertions, without

4

citation to the record or other authority, about his defense counsel, the prosecutor, and trial judge. Ashley, though, does not address the issue he raised.

Initially, we note that this Court will not consider an issue not supported by cogent argument or authority. *City of Meridian v. Petra Inc.*, 154 Idaho 425, 450, 299 P.3d 232, 257 (2013). In this appeal, Ashley has not provided any argument as to why the district court erred by summarily dismissing his petition for post-conviction relief. Thus, we need not consider the issue on appeal. *Sparks v. State*, 140 Idaho 292, 298, 92 P.3d 542, 548 (Ct. App. 2004) ("A party waives an issue on appeal if either authority or argument is lacking.").

However, we will briefly examine whether the district court properly summarily dismissed Ashley's petition for post-conviction relief. For the excessive sentence claim that the district court dismissed on the grounds that res judicata applied, the claim is barred by I.C. § 19-4901(b), as the claim could have been raised on direct appeal (as it actually was). Furthermore, there is no genuine issue of fact, and the State is entitled to judgment as a matter of law, because res judicata principles apply in post-conviction proceedings, *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007) ("The principles of res judicata apply when an applicant attempts to raise the same issues previously ruled upon on direct appeal in a subsequent application for post-conviction relief."). The other claims that the district court dismissed as being barred by I.C. § 19-4901(b) were correctly summarily dismissed because they could have been raised on direct appeal. Moreover, these claims are not supported by admissible evidence. Thus, as to these claims, there is no genuine issue of material fact, and the State is entitled to judgment as a matter of law.

For the ineffective assistance of counsel claim alleging that defense counsel and appellate counsel "were ineffective," the district court correctly summarily dismissed this claim. Neither the initial affidavit nor the affidavit filed in opposition to the motion for summary dismissal referenced or in any way provided admissible evidence supporting Ashley's assertion that appellate counsel was ineffective. Thus, as to appellate counsel, there is no genuine issue of material fact, and the State is entitled to judgment as a matter of law. Ashley's assertions relating to defense counsel in the petition and petition's affidavit are bare assertions lacking specificity and do not make a prima facie case of ineffective assistance. *See Cooke v. State*, 149 Idaho 233, 246, 233 P.3d 164, 177 (Ct. App. 2010) ("Bare assertions and speculation, unsupported by specific facts, do not make out a prima facie case for ineffective assistance of

counsel."). For example, in the petition, Ashley states that defense counsel "Failed to adequately confer with me before Trial and Failed to Send Investigator." Furthermore, the initial affidavit does not explain how Ashley was prejudiced by defense counsel's alleged deficient performance. Similarly, Ashley's contentions in the affidavit opposing the motion for summary dismissal that relate to defense counsel do not state how Ashley was prejudiced by defense counsel's alleged deficient performance and are also bare assertions. Therefore, the district court properly summarily dismissed Ashley's ineffective assistance of counsel claim because there is no genuine issue of material fact, and the State is entitled to judgment as a matter of law.

In summary, Ashley did not support his contention on appeal with cogent argument or authority. The district court correctly summarily dismissed the claims raised in Ashley's petition for post-conviction relief. Accordingly, we affirm the judgment of the district court summarily dismissing Ashley's petition for post-conviction relief.

Chief Judge MELANSON and Judge GRATTON, **CONCUR**.