IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45753

| | | |
|---|---|---|
| SONNY DEAN FARROW, | ) | |
| | ) | Filed: August 15, 2019 |
| Petitioner-Appellant, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment dismissing post-conviction petition, vacated; and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Sonny Dean Farrow appeals from the district court's judgment dismissing his petition for post-conviction relief. He asserts the district court erred in denying his oral motion to continue the summary dismissal hearing. Because the district court did not expressly rule on the motion and because this Court is unable to discern a basis for an implied denial of the motion, the district court abused its discretion. Consequently, we vacate the judgment dismissing the petition for post-conviction relief and remand this case for further proceedings consistent with this opinion.

Farrow filed a petition for post-conviction relief challenging two separate domestic battery convictions. In the petition, Farrow raised only one claim: his trial attorney was ineffective for failing to file an Idaho Criminal Rule 35 motion in each case, despite Farrow's request to do so. Farrow attached his affidavit to the petition outlining his conversations with his

1

trial counsel regarding the filing and status of the Rule 35 motions. Farrow did not include any new or additional evidence that he would have included as a basis for the Rule 35 motions.

The State filed an answer and a motion for summary disposition. As a basis for the motion, the State noted that Farrow made only one claim of ineffective assistance of trial counsel for failing to file a Rule 35 motion in each case. The State argued that because Farrow was only requesting leniency under Rule 35(b), the petition should be dismissed because Farrow had not and could not establish any prejudice from trial counsel's failure to file the Rule 35 motions. In response, Farrow's post-conviction counsel filed an affidavit from Farrow's trial counsel attesting that Farrow had asked trial counsel to the file Rule 35 motions; trial counsel did not timely file the motions because he miscalendared the deadline; and as a result, Farrow had been prejudiced. Farrow's post-conviction counsel did not include any other affidavit or evidence to support Farrow's Rule 35 motions.

A hearing on the motion for summary disposition was scheduled for November 28, 2017. On November 17, the parties entered into, and filed with the district court, a written stipulation to continue the hearing until some time between December 5 and December 26. Submitted with the stipulation was a proposed order rescheduling the hearing for December 13--a date provided by the district court's clerk according to the express language of the proposed order. The district court denied the stipulation on the day of the hearing. During the hearing, the district court stated on the record the reasons it denied the stipulation.

At the November 28th summary dismissal hearing, post-conviction counsel indicated he was prepared to go forward that day if the district court would admit an affidavit from trial counsel and if post-conviction counsel would be permitted to put on the record the arguments Farrow would have made in support of his Rule 35 motion had trial counsel filed the motion. The district court admitted trial counsel's affidavit but, pursuant to the State's request, struck that portion of the affidavit alleging prejudice, an essential element for post-conviction relief under *Strickland*.[1]

After the State made its argument requesting the petition be summarily dismissed, Farrow's post-conviction counsel attempted to argue why the petition should not be dismissed. The district court explained that it was unclear what evidence Farrow would submit in support of his Rule 35 motion because no such evidence was included as part of the petition. Post-

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

conviction counsel made an offer of proof outlining the evidence Farrow would submit in support of the motion. The proffered evidence would include Farrow's testimony about how he was doing in prison; what benefits he would get in prison if his sentences were lessened; and what he would do if allowed in front of the parole board earlier. The district court rejected the offer of proof, stating that Farrow needed admissible evidence, which was not in the record. Post-conviction counsel then stated:

> Well, I would--I would be happy to, in addition to the offer of proof, have Mr. Farrow either prepare an affidavit or I would ask to continue this so that we can get him on the phone to explain to the Court what he's been doing in prison and what he's learned about the sentence and how it affects work crews and things such as that.

The State did not respond to the oral request for a continuance and neither agreed to nor objected to the oral motion. However, the district court did not address the oral request for the continuance but, instead, granted the State's motion for summary disposition and dismissed Farrow's post-conviction petition finding that Farrow had not provided evidence of prejudice.

A motion for a continuance is addressed to the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion. *Dep't of Health & Welfare v. Altman*, 122 Idaho 1004, 1009, 842 P.2d 683, 688 (1992); *Krepcik v. Tippett*, 109 Idaho 696, 699, 710 P.2d 606, 609 (Ct. App. 1985). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

Farrow argues the district court erred when it failed to rule upon or implicitly denied his oral motion for a continuance. Farrow asserts that without the continuance, he was unable to meet the prejudice prong of *Strickland*,[2] resulting in the summary dismissal of his petition, which is substantial prejudice.

---

[2] The *Strickland* standard applies to claims of ineffective assistance of counsel. *Sparks v. State*, 140 Idaho 292, 297, 92 P.3d 542, 547 (Ct. App. 2004). This standard requires that a petitioner in a post-conviction proceeding must establish both deficient performance by trial counsel and prejudice suffered by the petitioner as a result of the deficient performance. *Id*. at 296, 92 P.3d at 546. The inability to establish either prong results in a dismissal of the case. *Id*. at 298, 92 P.3d at 548.

The district court did not expressly rule on the motion for continuance; consequently, nothing in the record establishes the district court acted consistently with the applicable legal standards or demonstrated it reached its decision by an exercise of reason. As to any implied denial of the motion, the record is similarly devoid of any reasons that would support such denial. As a result, this Court has no basis to discern what factors, if any, were or should have been considered regarding the motion; whether the court understood and applied the applicable legal standards; or whether there was any exercise of reason when it denied the motion. Without any information in the record, we are unable to determine that the court did not abuse its discretion. Therefore, we vacate the district court's judgment summarily dismissing Farrow's petition for post-conviction relief and remand the case to the district court for further proceedings.

Judge BRAILSFORD **CONCURS**.

Chief Judge GRATTON **DISSENTS WITHOUT OPINION**.

4