880 P.2d 261

**Earl Andre HOWARD, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20871.

Court of Appeals of Idaho.

Aug. 26, 1994.

---

Manweiler, Bevis & Cameron, P.A., Boise, for appellant. Michael R. Johnson, argued.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Eric T. Krening, argued.

PERRY, Judge.

In this case we are asked to determine whether the district court properly denied an application for post-conviction relief, following an evidentiary hearing, wherein Earl Andre Howard claimed he had been rendered ineffective assistance of counsel at sentencing. We determine that there was substantial and competent evidence to support the district court's ruling, and we affirm.

## FACTS AND PROCEDURE

In May of 1991, Howard entered a guilty plea to a charge of procurement of prostitution. I.C. § 18–5602. Howard agreed to plead guilty to one count of procurement in exchange for the state's dismissal of other related charges of kidnapping, rape and attempted grand theft.

Prior to sentencing, counsel for Howard gave him a copy of the presentence investigation report. Also before sentencing, Howard's counsel interviewed and investigated a number of potential mitigation witnesses. The prosecution proposed not to offer any witnesses in aggravation at the sentencing hearing if the defense would agree not to offer any witnesses in mitigation. Based on his review of the possible consequences for his client, Howard's counsel agreed to this arrangement. Howard did attach, however, fifteen letters on his behalf to the presentence investigation report. Howard was sentenced to ten years' incarceration with a minimum term of confinement of three years.

In January of 1992, Howard's counsel timely filed an appeal and also a Rule 35 motion for reduction of sentence. The Rule 35 motion was subsequently denied by the district court. Howard's request for relief on appeal was also denied in August of 1993. In July of 1992, Howard wrote a letter to the district court complaining of its denial of his Rule 35 motion and of his counsel's representation during the sentencing phase of his case. The district court treated the letter as an application for post-conviction relief and, following a response filed by the state, scheduled an evidentiary hearing. At the hearing on the application, Howard asserted that his counsel's failure to offer mitigation witnesses resulted in a greater sentence than he would have received otherwise. Howard offered testimonial evidence of the availability of various witnesses who would have contradicted the victim's version of the crime. One of the potential witnesses was present and testified at the evidentiary hearing. Howard's former counsel also testified. In addition, Howard alleged his counsel was ineffective for failing to review the presentence investigation re-

port with him prior to sentencing. Following the hearing, the district court denied the application, stating that the decision not to call witnesses at sentencing in this case was a tactical one and that even if it did amount to deficient conduct, no prejudice resulted. The district court further found that Howard had been given an adequate opportunity to review his presentence report. Howard now appeals, claiming the district court erred in denying his application for post-conviction relief.

## STANDARDS OF REVIEW

■ We first note that an application for post-conviction relief under I.C. § 19–4901 sets in motion a special proceeding, civil in nature, which is an entirely new proceeding, distinct from the criminal action which led to the conviction. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Nellsch v. State*, 122 Idaho 426, 430, 835 P.2d 661, 665 (Ct.App.1992). In a post-conviction proceeding, the burden is on the applicant to establish grounds for relief by a preponderance of the evidence. I.C.R. 57(c); *Odom v. State*, 121 Idaho 625, 626, 826 P.2d 1337, 1338 (Ct.App.1992).

■ On reviewing the district court's granting or denying of post-conviction relief following a hearing as provided in I.C. § 19–4907, we must view the evidence in the light most favorable to the trial court's findings. *Storm v. State*, 112 Idaho 718, 720, 735 P.2d 1029, 1031 (1987); *Estes v. State*, 111 Idaho 430, 434, 725 P.2d 135, 139 (1986). Findings supported by competent and substantial evidence produced at the hearing will not be disturbed on appeal. *Storm, supra; Holmes v. State*, 104 Idaho 312, 313, 658 P.2d 983, 984 (Ct.App.1983).

■ In order to prove a claim of ineffective assistance of counsel, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of "professional assistance." *Id.* In addition, an applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied upon as having produced a just result. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992).

This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989).

## ANALYSIS

■ In this case, Howard's application focused on whether he was provided ineffective assistance of counsel at his sentencing in the underlying criminal action. At the evidentiary hearing on his application, Howard contended that there were numerous witnesses who could have testified at his sentencing that the victim's version of the events was not truthful. Howard's former counsel also testified regarding the decision not to call mitigation witnesses. After hearing the various witnesses and evidence, the district court issued its findings of fact and conclusions of law, stating:

19. Before June 19th Mr. Toothman[, Howard's counsel,] had interviewed and was prepared to call a number of mitigation witnesses, including witnesses who would testify that the victim consented to the sexual activity at the petitioner's home and to the victim's earlier involvement with the petitioner's brother. Prior to sentencing the prosecutor offered not to call any witnesses in aggravation if the petitioner agreed not to call any witnesses in mitigation. Both Mr. Toothman and Mr. Elam, who had personal contact with the potential mitigation witnesses, felt that this would [be] beneficial to the petitioner. Among other things, Mr. Toothman had prior experience with Ms. [G] as a criminal client and felt the prosecutor would "make mincemeat" of her on cross-examination.

In addition he personally had interviewed [T.R.] and believed that testimony from her would tend to confirm the petitioner's guilt as a procurer of prostitutes, especially since [T.R.] had given Howard money from time to time. In summary, Mr. Toothman believed the less the court heard from Mr. Howard and his friends about their version of the facts, the better off his client would be. Implicit in his reasoning was the potential danger in attacking a traumatized victim at the sentencing hearing. Based on his experience and as a matter of sentencing tactics, Mr. Toothman tentatively agreed to the prosecutor's proposal.

. . . .

24. In reviewing all the evidence, it is apparent that Mr. Toothman and his associates carefully and thoroughly investigated the case. . . . After considering the alternatives Mr. Toothman made the tactical decision not to call witnesses, with the acquiescence of the petitioner. Mr. Toothman is a mature and capable criminal defense attorney. He made his decision on the basis of his experience and his familiarity with the case. Mr. Howard has failed to show that he received inadequate assistance of counsel.

Our review of the record indicates that there is substantial and competent evidence to support the district court's findings. As we have stated above, the tactical decisions of an attorney will not be second-guessed on appeal unless there is some indication that the decision was based on ignorance of the law, a lack of preparation or some other shortcoming capable of objective evaluation. *Davis, supra.* Howard did not offer any evidence that his counsel's decision was based on ignorance of the law or lack of preparation. He merely implied that had he been able to put on these witnesses at sentencing, he would have received a lesser sentence. It is clear from the record, however, that the decision not to call witnesses at sentencing was designed to avoid the damaging effects of the state's witnesses and evidence and the cross-examination of the mitigation witnesses. Howard's counsel weighed the possible benefits of mitigation witnesses against the harm the state's evidence would cause, and chose what he believed to be the best course. Thus, Howard's evidence failed the first prong of the *Strickland* test. Therefore, we conclude that the district court did not err in denying Howard's application for post-conviction relief on this ground.

■ Next, Howard argues that his counsel was deficient in failing to review the presentence investigation report with him. The district court, after hearing testimony from both Howard and his former counsel, determined that counsel had adequately reviewed the report with Howard. This finding is supported by the evidence contained in the record. Therefore, we uphold the district court's determination in that regard.

Howard finally asserts on appeal that the district court erred in ruling that he had not shown his sentence would have been different but for counsel's deficiencies. Because we have ruled that the district court was correct in denying the application on the ground that no deficient conduct had been established, either for failure to call mitigation witnesses or to review the presentence report, we need not address further the failure to show prejudice.

## CONCLUSION

Our review of the record indicates that there is substantial and competent evidence to support the district court's denial of Howard's application for post-conviction relief. Howard did not properly establish that his counsel's decision not to call mitigation witnesses, or his claim that counsel failed to adequately review the presentence report, was deficient conduct. As such, his application was properly denied and we affirm.

WALTERS, C.J., and LANSING, J., concur.