IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36112

| | | |
|---|---|---|
| JOHN MEIER, | ) | 2010 Unpublished Opinion No. 459 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 11, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order dismissing application for post-conviction relief, <u>affirmed</u>.

John Meier, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

John Meier appeals from the district court's order dismissing his application for post-conviction relief after an evidentiary hearing. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

While Meier was on probation for possession of a controlled substance, he was suspected of participating in a number of thefts from local retail stores involving fraudulent merchandise returns. His probation officer, accompanied by law enforcement and loss prevention specialists from the victimized stores, searched Meier's storage unit and apartment for stolen merchandise. Several items of merchandise were found which were identified as stolen from their respective stores by the loss prevention specialists. These items were seized by the officers. In the storage unit, officers also discovered a briefcase containing child pornography. Meier pled guilty to possession of a sexually exploitative material and being a persistent violator. The state dismissed additional counts of possession of sexually exploitative material and agreed not to file

1

any charges relating to the pending theft investigation. The district court imposed a fixed life sentence, which this Court affirmed in an unpublished opinion. *State v. Meier*, Docket No. 34261 (Ct. App. Feb. 1, 2008).

Meier filed a pro se application for post-conviction relief alleging that he received ineffective assistance of counsel and that his guilty plea was coerced. All of Meier's claims revolved around his concern that the search of his storage unit was illegal because the rental agreement was also in the name of his brother. He argued that this information was concealed and ignored in order to manipulate discovery and force him to plead guilty. Meier was appointed post-conviction counsel. At an evidentiary hearing, the district court heard testimony from Meier as well as his trial attorney. A copy of the rental agreement for the storage unit was also admitted. After the evidentiary hearing, the district court found that Meier had not met his burden of showing that his counsel was ineffective or that his guilty plea was coerced. Accordingly, the district court dismissed Meier's application for post-conviction relief. Meier appeals.

## II.

## ANALYSIS

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

Meier's application for post-conviction relief alleged that his guilty plea was coerced, he was lied to about discovery, and he received ineffective assistance of counsel. Concerning his claim of ineffective assistance of counsel, Meier specifically alleged that counsel failed to get complete discovery, the defense investigator lied to him about a suppression issue, and there was an illegal search and seizure of his storage unit which was then covered up by manipulated

2

discovery. Meier attached an affidavit to his application which further alleged that the storage unit rental agreement included another occupant and, therefore, the search of the storage unit was illegal. Meier claimed that he was not given a copy of the rental agreement or the warrants obtained after the search of the unit and that the investigator lied to him by telling him that his name was the only one on the rental agreement. Meier alleged that this was the only reason he pled guilty.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

A guilty plea must be voluntary, knowing and intelligent to withstand scrutiny under both our United States and Idaho constitutions. *Huck v. State*, 124 Idaho 155, 161, 857 P.2d 634, 640 (Ct. App. 1993). In determining whether the plea was voluntary, knowing and intelligent, we review all of the surrounding circumstances disclosed in the record. *Id.* A district court's finding that a plea is voluntary, knowing and intelligent is a question of fact which we will not disturb if it is supported by substantial evidence. *Id.*

At the evidentiary hearing, Meier presented a copy of the rental agreement as well as a transfer agreement for the storage unit. The rental agreement was in Meier's name and listed his brother as a contact person. The transfer agreement was executed by Meier after the search and

his subsequent arrest in this case and transferred his interest in the unit to his brother. Meier testified at the evidentiary hearing that counsel led him to believe that he had no option other than to accept a plea agreement because there were no other names on the rental agreement. His testimony also included a number of self-serving allegations regarding access to the storage unit, ownership of the obscene material, and the performance of trial counsel and defense investigators. No other evidence was offered in support of his accusations. Trial counsel also testified at the evidentiary hearing that Meier was anxious to plead guilty throughout the proceedings and that Meier was not coerced. Counsel testified that the issue of another name on the rental agreement was discussed with Meier, and it was a nonissue because the rental agreement was also in Meier's name and he had waived his Fourth Amendment rights against search and seizure as a condition of his felony probation. Trial counsel further testified that it was his customary practice to send defendants copies of all discovery and that he had no reason to believe that he did not send the discovery to Meier in this case.

Outside of the copy of the rental agreement that was submitted into evidence, Meier provided no evidence throughout the course of these post-conviction proceedings in support of his allegations. The rental agreement and attached transfer agreement fail to support the claim that the storage unit was rented jointly by Meier and his brother at the time that it was searched by law enforcement and the exploitative material was seized. Even if these agreements did support Meier's contention of joint ownership, Meier has submitted no evidence showing that this could have formed the basis of a successful motion to suppress other than Meier's conjecture. Meier has failed to meet his burden of proving his allegations by a preponderance of the evidence, and the district court did not err by dismissing his application for post-conviction relief. Meier makes additional arguments on appeal concerning the violation of his Fourth Amendment rights and the ineffective assistance of appellate and post-conviction counsel which we conclude are meritless, not supported by adequate argument or authority, and not preserved for appellate review because they were not presented to the district court. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, we do not address these issues further.

4

### III.
### CONCLUSION

Meier failed to meet his burden of proof that his plea was coerced or that trial counsel was ineffective. Therefore, the district court did not err by dismissing his application for post-conviction relief. Meier's other issues on appeal are meritless, not supported by adequate argument or authority, and not properly preserved for appeal. Therefore, we do not address them further. Accordingly, the district court's order dismissing Meier's application for post-conviction relief after an evidentiary hearing is affirmed. No costs or attorney fees awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**