# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41547

| | | |
|---|---|---|
| MAROFF OUEDRAOGO, | ) | 2015 Unpublished Opinion No. 370 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 25, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Maroff Ouedraogo appeals from the district court's order summarily dismissing his petition for post-conviction relief. Specifically, he claims that he raised a genuine issue of material fact as to whether his trial counsel affirmatively misadvised him of the immigration consequences of his guilty plea. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Ouedraogo was originally charged with possession of a controlled substance (marijuana) with intent to deliver, second degree kidnapping, and domestic violence. Pursuant to a plea agreement, Ouedraogo pled guilty to possession of a controlled substance with intent to deliver, I.C. § 37-2732(a)(1)(A), and the remaining charges were dismissed. Because of Ouedraogo's immigration status, Ouedraogo's trial counsel advised him that his guilty plea could result in

1

deportation.[1]  The district court also advised Ouedraogo of the potential immigration consequences of his guilty plea before accepting it.  The district court then sentenced Ouedraogo to a unified term of five years, with a minimum period of confinement of two years and six months, and retained jurisdiction.  Following the period of retained jurisdiction, the district court placed Ouedraogo on probation for four years.  Ouedraogo did not appeal his judgment of conviction or sentence.

Ouedraogo subsequently filed a petition for post-conviction relief alleging ineffective assistance of trial counsel.  Specifically, Ouedraogo claimed that his trial counsel affirmatively misadvised him of the immigration consequences of his guilty plea.  Ouedraogo did not include an affidavit in support of his petition.  The district court gave notice of its intent to summarily dismiss Ouedraogo's petition based on his failure to allege how his trial counsel had affirmatively misadvised him of the immigration consequences of his plea, thereby failing to raise a genuine issue of material fact as to whether his trial counsel's performance was objectively deficient.  Ouedraogo then filed an affidavit alleging that his trial counsel had told him that he "would have to plead guilty and then have an immigration attorney fight to keep [him] from being deported."  This, Ouedraogo alleged, was incorrect because he was informed during his first appearance in immigration court that he could not avoid deportation as a result of the nature of his conviction.  Ouedraogo asserted that he was unaware of this consequence of his guilty plea and, had he been properly advised, he would not have pled guilty.  The district court subsequently entered an order summarily dismissing Ouedraogo's petition, concluding that he had failed to establish that he was affirmatively misadvised.  Moreover, the district court determined that Ouedraogo's assertion that his trial counsel had told him he would need to have an immigration attorney fight to keep him from being deported amounted to a concession that Ouedraogo had been advised that he was "presumptively deportable," thereby fulfilling his trial counsel's duty.[2] As a result, the district court determined that Ouedraogo could not show objectively deficient performance and dismissed his petition.  Ouedraogo appeals.

---

[1]     Neither party included Ouedraogo's actual immigration status, either before or after his conviction, in its statement of facts.

[2]     The district court also noted in its order summarily dismissing Ouedraogo's petition that, as a result of Ouedraogo's affidavit, he had abandoned his original claim of affirmative misadvice and instead raised a new claim that his trial counsel's advice did not go far enough.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

Because this was not the basis of the district court's decision below and is unnecessary to our holding, we offer no opinion on the accuracy of the district court's statements.

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Ouedraogo claims that, because he raised a genuine issue of material fact as to the effectiveness of his trial counsel in advising him regarding the immigration consequences of his guilty plea, the district court erred in summarily dismissing his petition for post-conviction relief.

4

Specifically, Ouedraogo alleges that his trial counsel's performance was deficient under the standards announced in *Padilla v. Kentucky*, 559 U.S. 356 (2010), which held that trial counsel is required to give accurate advice regarding the immigration consequences of pleading guilty.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013); *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

This Court recently summarized the *Padilla* opinion in the following way:

> In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the United States Supreme Court determined the standard of representation required when a guilty plea could have potential immigration consequences. The Court first held that under the Sixth Amendment right to counsel, as articulated in *Strickland*, counsel may have a duty to provide advice relating to deportation. *Id.* at 366. The Court then held that "when the deportation consequence is truly clear, as it was in [Padilla's] case, the duty to give correct advice is equally clear." *Id.* at 369. On the other hand, when the law is less clear or uncertain "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* Padilla had pled guilty to distributing drugs. Federal law required automatic deportation for any conviction relating to controlled substances other than simple possession of marijuana offenses. Thus, because on the face of the immigration law itself the federal deportation law was "succinct, clear, and explicit," Padilla's counsel had a duty to give correct advice about the immigration consequences. *Id.* at 368-69.

*Popoca-Garcia v. State*, 157 Idaho 150, 152, 334 P.3d 824, 826 (Ct. App. 2014).

5

The district court determined that Ouedraogo's trial counsel had provided sufficient advice under the heightened standard of *Padilla*.[3] This was based, in part, on Ouedraogo's assertion in his affidavit that his trial counsel advised him that he would "have to plead guilty and then have an immigration attorney fight to keep [him] from being deported." The district court interpreted this statement as indicating that Ouedraogo's trial counsel had advised him that "he would be deported if an immigration specialist could not avert that outcome." In the district court's view, this advice effectively informed Ouedraogo that he was "presumptively deportable," thereby meeting the heightened standard for advice under *Padilla*.

As previously noted, the district court, as the trier of fact, is not constrained to draw inferences in Ouedraogo's favor; rather, the district court is free to draw the most probable inferences available from the uncontroverted evidence. *Hayes*, 146 Idaho at 355, 195 P.3d at 714. We will not disturb such inferences on appeal if the uncontroverted evidence is sufficient to justify them. *Id.* Here, Ouedraogo initially alleged in his affidavit that his trial counsel told him she did not know what immigration consequences could result from his guilty plea. However, as noted by the district court, Ouedraogo conceded only a few lines later in his affidavit that his trial counsel specifically advised him that he was, at the very least, eligible for deportation. The district court inferred from the uncontroverted evidence provided in Ouedraogo's affidavit that his trial counsel met the higher standard under *Padilla* by effectively advising Ouedraogo that he was "presumptively deportable." This inference was justified by the uncontroverted evidence, as Ouedraogo's claim that his trial counsel told him that he would need to hire an immigration attorney to fight to keep him from being deported could reasonably mean that he was told he would be deported unless an immigration specialist could avoid that outcome. Thus, we will not disturb the district court's reasonable inference. Ouedraogo provided no other admissible evidence supporting his claim, only conclusory allegations about his trial counsel's knowledge of

---

[3] The district court did not address whether the immigration consequences of Ouedraogo's conviction were "succinct, clear, and explicit," *Padilla*, 559 U.S. at 368; instead, the district court's decision assumed that Ouedraogo's trial counsel was required to "provide competent assistance to [Ouedraogo] regarding the *clear immigration consequences of his conviction*." (Emphasis added.) Although Ouedraogo failed to allege any facts or provide any admissible evidence establishing that his deportation was "practically inevitable," *Padilla*, 559 U.S. at 364, such as that his crime constituted an "aggravated felony," the state did not challenge this assumption by the district court on appeal. Accordingly, we assume--without deciding--that Ouedraogo's trial counsel was required to meet the heightened standard of advice under *Padilla*.

6

immigration law. Accordingly, Ouedraogo failed to raise a genuine issue of material fact as to whether his trial counsel provided deficient performance, and the district court did not err in summarily dismissing Ouedraogo's petition for post-conviction relief on that basis.

## IV.

## CONCLUSION

Ouedraogo failed to raise a genuine issue of material fact that his trial counsel's advice regarding the immigration consequences of his guilty plea constituted objectively deficient performance under the standards enunciated in *Padilla*. Accordingly, the district court's order summarily dismissing Ouedraogo's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.