IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42825

| | | |
|---|---|---|
| MELVIN WINN, | ) | 2016 Unpublished Opinion No. 449 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 25, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Melvin Winn, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Shafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Melvin Winn appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

In 2008, Winn was indicted on one count of lewd conduct with a minor under sixteen, with a sentencing enhancement based on a prior conviction for a sexual offense that required registration as a sex offender. Pursuant to a plea agreement, Winn entered a guilty plea to an amended charge of sexual abuse of a minor under sixteen, I.C. § 18-1506, and the state agreed to dismiss the enhancement. The district court imposed a unified sentence of twenty-five years, with a minimum period of confinement of twelve years. On appeal, this Court affirmed Winn's judgment of conviction and sentence in an unpublished opinion. *State v. Winn*, Docket No. 40295 (Ct. App. July 12, 2013).

1

Winn filed a pro se petition for post-conviction relief and a request for the appointment of counsel. Through counsel, Winn filed an amended petition for post-conviction relief. The district court entered a notice of intent to dismiss. Following Winn's response, the district court summarily dismissed Winn's petition. Winn appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Winn argues that his trial counsel was ineffective for failing to investigate potential witnesses and the existence of a letter which he believes supported his claim of innocence. Specifically, Winn contends that his daughter and grandson were important witnesses who should have been contacted. Winn alleges that, after the grandson had initially reported that

Winn had touched his granddaughter, the grandson later admitted to lying and, at the behest of Winn's daughter, purportedly wrote a letter of apology to Winn. Winn asserts that, but for his attorney's failure to interview these witnesses and investigate the existence of the letter which he believes supports his claim of innocence, he would not have entered his guilty plea. Additionally, Winn argues that he was denied due process under the Fifth Amendment to the United States Constitution. Conversely, the state argues that this Court should decline to consider the merits of Winn's claim for lack of authority and argument on appeal. Alternatively, the state argues that Winn has failed to specifically challenge any of the district court's findings or legal conclusions and has otherwise failed to establish that the district court erred in dismissing Winn's petition.

As an initial matter, we note that Winn's brief is sparse, with limited argument and analysis of his cited authority. However, because Winn's argument concerns the existence of the grandson's letter as reviewed by the district court below, we will address the merits of Winn's ineffective assistance of counsel argument.

Winn's principal argument is that his trial counsel was ineffective for failing to investigate potential witnesses. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In its order dismissing Winn's post-conviction petition, the district court found:

4

Winn offers no admissible evidence to support the "letter" theory. He offers no evidence that the letter ever existed, no admissible evidence of its contents, no admissible evidence of his bringing the letter's supposed existence to his trial counsel's attention, no admissible evidence that his trial counsel's alleged failure to investigate amounts to deficient performance under the circumstances, and no admissible evidence that having located the letter would have caused him to proceed to trial rather than enter [a] . . . plea.

A review of the record provides no basis for us to disturb the district court's conclusions. Although Winn alleges that facts exist which may support his claim of ineffective assistance of counsel, namely the existence of the letter, such allegations are mere assertions that are not admissible evidence and are insufficient to support his claim. Winn has not provided any other admissible evidence to substantiate his claim. Therefore, Winn has not met his burden to show that the district court erred in finding that he had failed to establish a prima facie case for ineffective assistance of counsel and dismissing his petition.[1] Accordingly, the district court's judgment dismissing Winn's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[1] Additionally, we note that Winn alleges that he has been denied due process but provides no supportive argument or authority. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Therefore, we do not address Winn's due process violation allegation on appeal.