**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43371**

| | | |
|---|---|---|
| **BRADLEY JOSEPH VANZANT,** | ) | **2016 Unpublished Opinion No. 521** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: May 5, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Kevin Swain, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Alan Trimming, Ada County Public Defender; Adam Kimball, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Bradley Joseph Vanzant appeals from the district court's order affirming the magistrate's summary dismissal of Vanzant's petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Vanzant was charged with domestic battery in the presence of a child and, in a separate case, driving without privileges. Vanzant's trial was set for May 2, 2013. However, on the day of trial, the magistrate held a hearing and reset the trial because the magistrate was in the second day of another trial and because Vanzant's defense counsel was unavailable. On May 23,

1

Vanzant entered into a plea agreement in which he pled guilty to an amended charge of intentional destruction of a telecommunication line or telecommunication instrument. I.C. § 18-6810. The driving without privileges charge was dismissed. Vanzant later learned that his defense counsel was unavailable on May 2 because she was arrested for driving under the influence of alcohol (DUI) on the morning of his trial. Vanzant filed a motion to withdraw his guilty plea, which was denied. Vanzant appealed and the denial of his motion was affirmed by the district court.

Vanzant filed a petition for post-conviction relief alleging ineffective assistance of counsel. Vanzant claimed that his trial counsel's assistance was ineffective as a result of her pending DUI charge and also alleged that his trial counsel failed to investigate medical records that could have been used to provide a defense. The magistrate dismissed Vanzant's petition, holding that his ineffective assistance of counsel claim was raised on direct appeal and could not be relitigated in his post-conviction proceeding. Vanzant appealed and the district court held that Vanzant's ineffective assistance of counsel claim was not considered on direct appeal and, therefore, could be raised in his post-conviction petition. The district court addressed the merits of Vanzant's post-conviction petition, holding that Vanzant's claims were conclusory and that he failed to show that he was prejudiced by his counsel's pending criminal charges. Accordingly, the district court affirmed the magistrate's summary dismissal of Vanzant's petition for post-conviction relief. Vanzant again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review

2

the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Vanzant alleges that the magistrate erred in summarily dismissing his petition for post-conviction relief because he raised a genuine issue of material fact with regard to ineffective assistance of his trial counsel. Thus, Vanzant alleges the district court erred in affirming the magistrate. A claim of ineffective assistance of counsel may properly be brought under the

4

post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A.    Deficient Performance

Vanzant alleges a number of instances of deficient performance by his trial counsel. Vanzant alleges his trial counsel was not prepared to proceed on the day scheduled for Vanzant's trial because trial counsel had been arrested for DUI on the morning of the trial. Vanzant also alleges that his trial counsel failed to investigate medical records that could have been used to provide a defense. Vanzant alleges that his trial counsel was ineffective when she had another attorney appear in her place without first consulting Vanzant. Finally, Vanzant alleges that his trial counsel was ineffective for failing to discuss with Vanzant a potential conflict of interest. Based upon these allegations and the record before us, we hold that Vanzant raised a genuine issue of material fact regarding his trial counsel's deficient performance.

## B.    Prejudice

Vanzant alleges that, had he known about his counsel's criminal charges, he would have terminated his trial counsel's representation. Accordingly, Vanzant alleges:

> This would have led to a different outcome of the proceeding as Vanzant would have retained alternative counsel. With alternative counsel, Vanzant believes that the errors above would have been rectified and he would have rejected the plea agreement and insisted on going to trial.

5

Where, as here, a petitioner was convicted upon a guilty plea, to satisfy the prejudice element, he or she must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Keserovic v. State*, 158 Idaho 234, 239, 345 P.3d 1024, 1029 (Ct. App. 2015). In order to obtain relief, a petitioner must show that a decision to reject the plea bargain would have been rational under the circumstances. *Id*.

Despite Vanzant's retrospective claim, this Court is not convinced that Vanzant would have rejected the favorable plea offer or that it would have been rational under the circumstances to do so. Vanzant faced two serious charges--domestic battery in the presence of a child and driving without privileges, a third offense. The state agreed to amend the battery charge to intentional destruction of a telecommunication instrument or line and dismissed the driving without privileges charge. In addition, the state agreed to waive fines and recommend a sentence of unsupervised probation. Vanzant has not shown that it would have been rational for him to proceed to trial on the charges of domestic battery in the presence of a child and driving without privileges charge rather than accept the plea offer to a single, lesser offense along with the sentencing recommendation of unsupervised probation. Accordingly, Vanzant has failed to meet his burden of showing that he was prejudiced by his counsel's deficient performance.

## IV.

## CONCLUSION

Vanzant raised a genuine issue of material fact with regard to his trial counsel's deficient performance. However, Vanzant has not shown that he was prejudiced by the deficiency. Therefore, the district court's order, affirming the magistrate's summary dismissal of Vanzant's petition for post-conviction relief, is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.