**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 43144**

| | | |
|---|---|---|
| ANDANTE GOLDSBY, | ) | 2016 Unpublished Opinion No. 631 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Andante Goldsby appeals from the district court's judgment summarily dismissing Goldsby's petition for post-conviction relief. For the reasons set forth below, we affirm.

The underlying facts of this case are not contested. Goldsby pled guilty to felony driving under the influence of alcohol (DUI) and was sentenced to a unified term of six years, with a minimum period of confinement of one and one-half years. The district court retained jurisdiction and, after Goldsby completed his rider, held a jurisdictional review hearing. At the hearing, one of the counselors from the rider program testified. The district court relinquished jurisdiction and Goldsby's sentence was executed. Goldsby filed a petition for post-conviction relief alleging ineffective assistance of trial counsel for failing to impeach the counselor's testimony with evidence that was in counsel's possession. Based on the testimony, the district

1

court summarily dismissed Goldsby's petition, holding that Goldsby failed to establish that his trial counsel's performance was deficient and that Goldsby failed to show any prejudice resulted from his counsel's performance. Goldsby appeals.[1]

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained

---

[1]     Goldsby made a number of other claims of ineffective assistance of counsel, which are not at issue on appeal.

to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must

show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Goldsby alleges the district court erred in summarily dismissing his petition for post-conviction relief because he raised a genuine issue of material fact regarding ineffective assistance of his trial counsel for failing to impeach a witness with evidence in his counsel's possession. At the jurisdictional review hearing, a counselor from Goldsby's rider program testified as a witness. The counselor testified that Goldsby had stated in a "concern form" that the counselor allowed an individual to read a racial comment that the individual had written in one of his "learning experiences" to a counseling group. In her testimony, the counselor claimed that the initials of the staff who actually approved that learning experience were not hers. Goldsby claims his counsel had a copy of the document at issue, which contains the notation "OK AK," which he purports to be the counselor's approval to read the document to the group and the counselor's initials. Goldsby claims his counsel failed to use the document to impeach the counselor's testimony regarding whether she approved the racist comment to be read to the group. Goldsby claims that the impeachment evidence would have "called into question the veracity of the rest of [the counselor's] testimony at the jurisdictional review hearing."

Assuming, without deciding, that Goldsby's counsel's performance was deficient for failing to impeach the counselor, Goldsby failed to show he was prejudiced by the deficiency. It is clear from the district court's ruling that the counselor's testimony factored into the district court's decision to relinquish jurisdiction. However, a number of additional considerations

4

affected the district court's decision. Even if Goldsby's counsel had impeached the counselor and the district court found the counselor's testimony to be completely incredible, Goldsby has not shown that there is a reasonable probability that the district court's decision would have been different. The counselor's testimony was only one of several items the district court considered in making its decision. The district court considered Goldsby's actions in the underlying proceedings, explaining that Goldsby was released on his own recognizance between his guilty plea and sentencing and failed to appear in court. The district court issued a bench warrant for Goldsby's arrest in order to sentence him. The district court considered Goldsby's prior criminal history, which included at least six prior felony convictions and dozens of misdemeanor convictions. The district court was concerned that Goldsby's charge was for DUI with an excessive alcohol level and that Goldsby had two prior DUI convictions. The district court also indicated its concern that Goldsby was a threat to public safety.

Goldsby has not shown that, had the district court known the counselor approved the racist comment to be read, the district court would have placed Goldsby on probation rather than relinquish jurisdiction. Thus, the district court did not err in finding that the Goldsby failed to show he was prejudiced by his counsel's performance. Accordingly, the district court's judgment summarily dismissing Goldsby's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.